

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 13, 1939

Honorable T. M. Trimble
First Assistant State Superintendent
Austin, Texas

Dear Sir:

Opinion No. O-574

Re: Sufficiency of petitions for
election to dissolve or
divide Content Consolidation
County Line Common School
District No. 3 and to attach
its territory to other
school districts.

This Department is in receipt of your letter of March 31,
1939, which is as follows:

"At the request of Mr. E. C. Grindstaff, County
Superintendent of Runnels County, I am submitting for
your opinion a copy of a petition for election to consoli-
date the Content County Line C.S.D. with the Crews C.S.D.
of Runnels County. The second proposition in this petition
is to submit to the voters of the Content County Line C.S.D.
of Runnels County the detachment of the territory belong-
ing to said district and lying in Coleman County and attach-
ing same to the Novice District of Coleman County.

"The question Mr. Grindstaff would like answered is:

"'Can both propositions be submitted to the
County Judge in the one petition, in the form
which is herewith attached?'"

The following copies of resolutions accompany your letter:

"TO THE HONORABLE COUNTY JUDGE
OF RUNNELS COUNTY, TEXAS
BALLINGER, TEXAS

"We, the undersigned legally qualified voters of
the Content Consolidated County-Line Common School District
No. 3, which is situated partly in Runnels County, Texas,



Hon. T. A. Trimble, April 13, 1939, Page 2

and partly in Coleman County, Texas, hereby petition your Honor to order an election to be held on April 15th, 1939, at Content Schoolhouse in said Content Consolidated County Line Common School District No. 3, for the purpose of determining whether or not that part of said Content Consolidated County-Line Common School District No. 3 which lies and is situated in Runnels County, Texas, and being more fully described in School District Record of Runnels County, Texas, Vol. 1, page 97, shall be consolidated for school purposes with Crews Common School District #2 in Runnels County, Texas, said districts being contiguous, and for the further purpose of determining whether or not that part of the Content Consolidated County-Line Common School District No. 3 which lies in Coleman County, Texas, more fully described in School District Record of Runnels County, Texas, Vol. 1, pages 91 and 92, shall be consolidated for school purposes with the Novice Common School District #58 in Coleman County, Texas, said districts being contiguous.

"Witness our hands this the 23rd day of March, 1939.

(Signed)"

- - - - -

TO THE HONORABLE COUNTY JUDGE
OF RUNNELS COUNTY, TEXAS
BALLINGER, TEXAS

"We, the undersigned legally qualified voters of Crews Consolidated Common School District #2, in Runnels County, Texas, desiring to consolidate said district with that portion of Content Consolidated County Line Common School District #3, which lies and is situated in Runnels County, Texas, and being more fully described in School District Records of Runnels County, Texas, Vol. 1, page 97, hereby make application to the Honorable County Judge of Runnels County, Texas, for an election to be held on April 15th, 1939, at Crews Schoolhouse for the purpose of determining whether or not a majority of the legally qualified voters of said district desire that Crews Consolidated Common School District #2, of Runnels County shall be consolidated with that portion of Content Consolidated County Line Common School District #3, that lies wholly in Runnels County, Texas, for school purposes.

"Witness our hands this the 23rd day of March, 1939.

(Signed)"



The facts submitted with this request are meager and we have had some difficulty in determining whether the above petitions purport to follow any particular statute or a combination of legislative acts.

Articles 2806 and 2815, Revised Civil Statutes, 1925, provide for the organization and dissolution of consolidated school districts. Article 2806 provides in part as follows:

"On the petition of twenty (20) or a majority of the legally qualified voters of each of several contiguous common school districts, or contiguous independent school districts praying for the consolidation of such districts for school purposes, the County Judge shall issue an order for an election to be held on the same day in each such district. . ."

Article 2815 provides:

"Such consolidated districts may in the same manner provided for their consolidation, be dissolved and the districts included therein restored to their original status, except that it shall not be necessary to provide polling places in each district. Each such district when so restored shall assume and be liable for its pro rata part of the outstanding financial obligations of the consolidated district, such pro rata part to be based on the relation the total assessed valuation of all property in the district bears to the total assessed valuation of property in the consolidated district, as shown by the assessment rolls of the district for the current year. No election for the dissolution of said consolidated districts shall be held until three years have elapsed after the date of the election at which such districts were consolidated."

Without quoting same, we note also Article 2742b, Sec. 5a, contains the same essential elements material here as Article 2806, except that it more specifically provides for separate petitions and requires the action of the County Board of Trustees in each county.

Manifestly, the petitions set out above are insufficient to comply with our statutes on consolidation of districts and dissolution of consolidated districts. Articles 2806 and 2742b, Sec. 5a clearly contemplate the consolidation of two or more "school districts" as contracted to the detachment of a part of a

district and attachment to another. Article 2815 clearly contemplate that when a consolidated district is dissolved the original districts shall return to their original status. If this is to be a dissolution and the districts returned to their original status, by what theory would the Coleman County part of the dissolved consolidated district vote on the question of whether the Runnels County part and the Crews Common School District in Runnels County should consolidate? In like manner, how would the Runnels County portion after dissolution of the consolidated district join in a petition to call an election on the question of whether that part of the old Content Consolidated District being in Coleman County should consolidate with Novice in Coleman County? That is a question purely between the consolidating districts.

We do not think the petition is sufficient to call an election to dissolve Content Consolidated District under Article 2815. In the first place it does not purport to be an election to dissolve the consolidated district but one to detach its territory, (it not appearing from the facts given whether this division follows old district lines or not,) and then consolidate those detached portions with other districts. But if it should be contended that a dissolution is necessarily consented to in voting to consolidate its parts with other districts, we call attention to the case of Consolidated Common School District No. 5 v. Wood, (T C A 1937, Writ dismissed), 112 S. W. (2) 231, wherein it was held that in order to comply with that part of Article 2815 which provides that dissolution may be effected in the same manner as consolidation, one or more petitions, signed by 20 or a majority of the legally qualified voters of each of the formerly existing districts must be secured and a petition from the district as a whole is insufficient. According to this case, a majority vote of the consolidated district as a whole would not be sufficient to dissolve but there must be a majority vote in each of the old districts.

We next come to the question of whether the petition complies with Article 2742f providing for transfer of territory. Without passing upon the question of whether 2742f applies to consolidated districts lying in two or more counties, we examine the provisions of this statute.

Article 2742f, Acts 1935, 44th Leg., p. 790, Ch. 339, § 2, provides:

"The petition shall give the metes and bounds of the proposed district and be signed by a majority of the qualified voters residing in each territory to be detached;"

The plain wording of this statute is that the petition is to be signed, not by a majority of the voters from the whole district but by a majority "in each territory to be detached."

Article 2742f further provides:

". . . that before any portion of any district has any part thereof detached an election shall be held at which the qualified taxpaying voters of such district sought to be divided shall first vote by a majority vote <u>to divide said district</u> and shall define the part of <u>said original district</u> sought to be detached; . . ."

The question to be voted upon is not whether a part of a district shall be consolidated with another but whether the district shall be divided and territory detached. After the voters give their consent to the division, the County Board of Trustees detaches the territory and attaches to another district, creating a new district which we do not think was intended to be a "consolidated district" as that term is used in our statutes. In addition to this, before the newly created district is a valid district, the Legislature must ratify the action of the County Board as provided in the statute.

An additional provision of Article 2742f is:

". . . and provided further that the district to which such territory is desired to be added shall have an election at which the qualified taxpaying voters of such original district to which such territory is sought to be added shall vote by a majority vote <u>to assume that proportionate part of the indebtedness</u> of the district from which such territory is detached that the detached territory bears to the original district from which detached, and at said election only those qualified taxpaying voters inside the territory of the newly formed district shall vote."

The only question voted on in this phase of the statute is whether the indebtedness is to be assumed and not whether the territory shall be added. We note that the question presented in the Crews Consolidated District petition is whether it shall be consolidated with a portion of the Content District and not whether it will assume a proportionate part of the indebtedness. The wording of this petition indicates that the districts were attempting to comply with Article 2806 or Article 2742b, Sec. 5, but as pointed out above, this it has not done.

Undoubtedly these petitions would not satisfy the provisions of Article 2742f.



Hon. T. M. Trimble, April 13, 1939, Page 6

      The view we take of these petitions renders the question of whether the propositions can be submitted in one petition wholly academic. We are of the opinion that the form of the petitions submitted is insufficient to call an election for the purpose of dividing or dissolving Content County-Line Consolidated District No. 3 or to consolidate or attach its parts to other school districts.

            Yours very truly

            ATTORNEY GENERAL OF TEXAS

By               Cecil C. Cammack
                     Assistant

CCO:N

APPROVED

ATTORNEY GENERAL OF TEXAS